IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-10-793 |
| v. | § | (C.A. No. C-12-105) |
| | § | |
| ELVIS RIVERA VILLATA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO
28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

On April 9, 2012, the Clerk's office received a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 from Defendant Elvis Rivera Villata (Rivera Villata). D.E. 28. Because it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief," the Court denies the motion without requiring a response from the government and denies him a Certificate of Appealability. See RULE 4(B), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

### I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II.  BACKGROUND

#### A.     Criminal Offense

Rivera Villata was encountered near Falfurrias, Texas. After the investigating agent determined that he was an undocumented alien from El Salvador who was ordered removed from the United States in February 2010, Rivera Villata was arrested. D.E. 1.

**B.     Criminal Proceedings**

Rivera Villata was appointed counsel three days after his arrest. D.E. 3. He was indicted in late August 2010 and arraigned shortly thereafter. D.E. 6, Minute Entry August 27, 2010. The indictment charged a violation of 8 U.S.C. §§ 1326(a) and 1326(b). He pled guilty, with a plea agreement, to the charge of Illegal Reentry. D.E. 12, 28.

At rearraignment, Rivera Villata was advised of the maximum punishment of up to twenty years imprisonment, supervised release up to three years, and potential fines and fees. D.E. 28 at 13. Rivera Villata was asked about his plea agreement and testified that his attorney had read and explained it to him before he signed it. Id. at 11. He further testified that no one had made promises to him other than those in the plea agreement. Id. He was advised that he was subject to deportation and he testified that he understood. Id. at 13. Rivera Villata pled guilty and agreed with the facts recited by the government. Id. at 18-19.

The Probation Department prepared a Presentence Investigation Report (PSR). D.E. 15. The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). Rivera Villata was previously convicted of an alien smuggling offense which increased his offense level by 16 points pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(vii). Id. at ¶ 12. After credit for acceptance of responsibility, Rivera Villata's total offense level was 21. Id. at ¶ 20. Rivera Villata had several misdemeanor alcohol related offenses and his conviction for alien trafficking. His total criminal history points were 8, including two points because he was on supervised release at the time of his current offense. His criminal history category is IV. Id. at ¶¶ 22-28. His guideline sentencing range was 57-71 months. Id. at ¶ 41. No objections were filed to the PSR. D.E. 14.

At sentencing, Rivera Villata acknowledged that the PSR was read to him in Spanish and no

corrections were needed. D.E. 29 at 3. This Court sentenced him to 42 months imprisonment, 2 years supervised release, no fine, and a special assessment of $100. D.E. 29 at 8. The Court informed Rivera Villata that he had the right to appeal. Id. at 9.

After sentencing Rivera Villata for Illegal Reentry, the Court held a hearing on the revocation of Rivera Villata's supervised release in C-10-cr-1039. Rivera Villata pled true to the allegations. The guideline sentencing range for revocation was 8-14 months imprisonment. The Court sentenced him to 6 months imprisonment to run consecutively to the sentence for Illegal Reentry. D.E. 18 at 11 (C-10-cr-1039). No further term of supervised release was imposed. Id. The Court advised Rivera Villata of his right to appeal. Id.

Rivera Villata timely appealed both sentences. D.E. 20. The Fifth Circuit Court of Appeals affirmed. D.E. 37; D.E. 27 (C-10-cr-1039). Rivera Villata timely filed his motion pursuant to 28 U.S.C. § 2255.[1] D.E. 38.

### III. MOVANT'S ALLEGATIONS

Rivera Villata raises three grounds of ineffective assistance of counsel based upon counsel's failure to, 1) advise Rivera Villata of the benefit of the fast track program which would have resulted in a 4 level downward departure, 2) object to the illegal sentence of 42 months because it exceeds the statutory maximum sentence of 24 months for violation of 8 U.S.C. § 1326(a), and 3) argue cultural assimilation as a basis for downward departure. D.E. 28.

---

[1] Rivera Villata filed his § 2255 motion in the revocation case, C-10-cr-1039. The Court docketed it in the Illegal Reentry case, the case in which he received the greater sentence, and to which his arguments seem to apply.

## IV.  ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.     Standard for Claims of Ineffective Assistance of Counsel**

Generally, an ineffective assistance of counsel claim presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial. Id. This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001). To show that his attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, the movant must demonstrate that counsel's error led to an increase in the length of his imprisonment. Glover v. United States, 531 U.S. 198, 203 (2001); United States

v. Herrera, 412 F.3d 577, 581 (2005).[2]

If the movant fails to prove one prong, it is not necessary to analyze the other. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

**C.     Claims of Ineffective Assistance of Counsel at Sentencing**

1.  *Fast track program*

Rivera Villata claims counsel was ineffective at sentencing because counsel did not advise him of the fast track program. As an initial matter, the Corpus Christi Division of the Southern District of Texas does not have a fast track program. Such programs are created by the United States Attorneys and approved by the Attorney General. See United States v. Gomez-Herrera, 523 F.3d 554, 559-60 (5th Cir. 2008) (describing programs); U.S.S.G. 5K3.1 (2009 Edition).[3] The programs are developed at the discretion of the United States Attorney and are recognized in the United States Sentencing Guidelines. Gomez-Herrera, 523 F.3d at 559-60. Even in jurisdictions in which such programs have been adopted, no defendant is automatically entitled to benefit from the program.

---

[2] The Fifth Circuit adopted the "any amount of jail time" test in United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). "This test originated from the Supreme Court's decision in Glover v. United States where the Court explained that any amount of additional jail time has significance under Strickland." Id. (internal citations omitted).

[3] 5K3.1. Early Disposition Programs (Policy Statement)
"Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."

Indeed, the opportunity to engage in such a program is initiated by the government. Id. at 561; United States v. Martinez-Trujillo, 468 F.3d 1266, 1269 (10th Cir. 2006) ("The decision that a defendant be 'fast-tracked' is not made by the defendant but by the United States Attorney.").

The Fifth Circuit recently held that a claim that a defendant deserves a lesser sentence based upon the disparity in sentence between those jurisdictions with fast track early disposition programs and those without is foreclosed by its previous decision in Gomez-Herrera, 523 F.3d at 562-63 & n.4. United States v. Uribe-Almaraz, No. 11-50491, 2012 WL 833270 at *1 (5th Cir., Mar. 13, 2012) (per curiam) (designated unpublished). Counsel was not ineffective for failing to advise Rivera Villata of a program that does not exist in this division.

2. *Illegal sentence*

Rivera Villata argues that his counsel was ineffective because he failed to object at sentencing to Rivera Villata's sentence of 42 months on the ground that it exceeds the maximum sentence allowable for a violation of 8 U.S.C. § 1326(a).[4] But Rivera Villata pled guilty to violating

---

[4] § 1326. Reentry of removed aliens

(a) In general
Subject to subsection (b) of this section, any alien who--

    (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter

    (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) Criminal penalties for reentry of certain removed aliens
Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection–

    (1) whose removal was subsequent to a conviction for commission of three or more

both 1326(a) and (b). See D.E. 12 at ¶ 1 ("Defendant knowingly and voluntarily agrees with the United States. . .to plead guilty to Count ONE of the above-numbered Indictment."); D.E. 28 at 19.[5]

Subsection 1326(b)(1) provides that aliens who were previously convicted of felony offenses receive harsher sentences upon Illegal Reentry. The maximum statutory penalty is extended to 10 years in § 1326(b)(1). Rivera Villata does not dispute his previous felony conviction. His sentence is not illegal. Counsel is not shown to be ineffective.

3. *Cultural assimilation*

Rivera Villata claims that counsel was ineffective because he failed to argue for a downward departure based upon cultural assimilation. The evidence before the Court on this issue is the limited testimony by Rivera Villata at rearraignment and sentencing in response to the Court's questioning and the information included in the PSR.

According to the PSR, Rivera Villata was born in El Salvador. His parents and three siblings are legal residents of the United States. Rivera Villata came to the United States at the age of 16. D.E. 15 at ¶ 30. He had legal status to work in the United States from March 1997 to April 2002. He filed for temporary protected status in July 2005, which was denied. Id. at ¶ 31. Rivera Villata was educated in El Salvador. D.E. 28 at 7.

---

misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both; . . . .

[5] 15 THE COURT: To the charges in Count 1, how do you
16 plead, guilty or not guilty?
17 DEFENDANT RIVERA-VILLALTA: Guilty.

Id.

Cultural assimilation may be considered by a district judge as a basis for downward departure. U.S.S.G. § 2L1.2, application note 8. It is to be considered *only* in cases where

> (A) the defendant formed cultural ties primarily with the United States from having resided continuously in the United States from childhood,
> (B) those cultural ties provided the primary motivation for the defendant's illegal reentry or continued presence in the United States, and
> (C) such a departure is not likely to increase the risk to the public from further crimes of the defendant.

Id. (emphasis added).

Additional factors to be considered include, 1) the age when he began residing continuously in the U.S., 2) whether he attended school in the U.S., 3) duration of his residence in the U.S., 4) duration of his presence outside the U.S., 5) the nature and extent of his familial and cultural ties inside the U.S., and the nature and extent of such ties outside the U.S., 6) the seriousness of his criminal history, and 7) whether he engaged in additional criminal activity after illegally reentering the U.S. Id.

Rivera Villata's history does not strongly support an argument for departure based upon cultural assimilation. Counsel obtained a downward departure for him of 15 months below the low end of the guideline range based upon other arguments. Rivera Villata cannot demonstrate that his sentence would have been less had counsel argued for departure based upon cultural assimilation. Rivera Villata has not shown that he was prejudiced by counsel's decision to focus his efforts elsewhere. See Armstead, 37 F.3d at 210 ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"). This claim also fails.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Rivera Villata has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Rivera Villata is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

### VI.  CONCLUSION

For the foregoing reasons, Rivera Villata's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 38) is **DENIED**. He is also **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 30th day of April, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE